**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3466
_____

JUSTICE RASIDEEN ALLAH,
Appellant

v.

GREG BARTKOWSKI, Administrator New Jersey State Prison; MICHELE R. RICCI, Director of the Division of Operations New Jersey Department of Corrections/Former Administrator of New Jersey State Prison; CHRISTOPHER HOLMES, Associate Administrator, New Jersey State Prison; WILLIAM MOLIENS, Former Associate Administrator, New Jersey State Prison; JAMES (JIMMY) BARNES, Assistant Superintendent New Jersey State Prison; CRYSTAL ANN RAUPP, Record Keeper Management Control Unit Review Committee/Acting Supervisor of Social Services New Jersey State Prison; DR. FLORA DEFILIPPO, Supervisor of Mental Health Services for UMDNJ and/or New Jersey State Prison; MR. ZELL, Professional Services Representative, New Jersey State Prison; THOMAS STECKEL, Former Social Services Supervisor New Jersey State Prison; HATIMA ISMAIL, Professional Services Representative, New Jersey State Prison; CAPTAIN RICHARD ORTIZ, Custody Supervisor, New Jersey State Prison; CAPTAIN B. KENNEDY, Custody Supervisor, New Jersey State Prison; LIEUTENANT ALAIMO, Custody Supervisor, New Jersey State Prison
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-11-cv-03153)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2014

Before: HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed:  July 18, 2014)

_____

OPINION
_____

PER CURIAM

Justice Rasideen Allah, proceeding pro se and in forma pauperis, appeals from the United States District Court for the District of New Jersey's order sua sponte dismissing with prejudice and without leave to amend his civil action brought pursuant to 42 U.S.C. § 1983 and an order denying his motion for reconsideration. For the foregoing reasons, we will vacate and remand for further proceedings.

I.

Allah, a prisoner at New Jersey State Prison, alleged that in November 2006 he was assigned to Management Control Unit Detention ("MCU"), a close-custody unit in a separate wing of the prison where prisoners are kept in solitary confinement. See N.J. Admin. Code § 10A:5-1.3. The Management Control Unit Review Committee ("MCURC") held a hearing in January 2007 to determine whether Allah should be housed in the MCU. At that hearing, the MCURC determined that Allah should be placed in the MCU because, inter alia, he had masterminded a scheme to launder money and introduce contraband into the prison. After the MCURC's initial decision to place Allah in the MCU was upheld on administrative appeal, Allah sought review with the Superior Court of New Jersey, Appellate Division. The Superior Court affirmed the MCURC's decision and the New Jersey Supreme Court denied his petition for

2

certification. Allah v. N.J. Dep't of Corr., No. A-4422-06T1, 2008 WL 2245599 (N.J. Super. Ct. App. Div. June 3, 2008), cert. denied, 957 A.2d 1172 (N.J. 2008) (table). On at least one occasion, Allah has appealed a determination of the MCURC that continued his placement in the MCU. See Allah v. N.J. Dep't of Corr., 2012 WL 2345390 (N.J. Super. Ct. App. Div. June 21, 2012).

In 2011, Allah filed a complaint in the District Court, generally raising two sets of claims: (1) that hearings reviewing his placement in the MCU violated his Fourteenth Amendment due process rights, and (2) that his confinement in the MCU was cruel and unusual in violation of his Eighth Amendment rights.[1] Allah's due process claims primarily relate to the January 2007 hearing that resulted in his placement in the MCU, subsequent routine hearings reviewing his placement in the MCU, and his administrative appeals from those hearings. Allah's claims of cruel and unusual punishment relate to the conditions of his confinement in the MCU. Allah alleged that he is confined almost entirely to his cell; that other inmates on the block are mentally ill and create disturbances; and that other inmates are unsanitary, resulting in unsanitary common areas, rodent infestation, and noxious stenches.

The District Court reviewed Allah's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismissed it for failure to state claim. The District Court did not

---

[1] Allah also raised several New Jersey state law claims concerning his confinement. However, after dismissing Allah's federal claims the District Court declined to exercise supplemental jurisdiction over Allah's state law claims.

3

grant leave to amend after determining that amendment would be futile.  Allah filed a motion for reconsideration.  In the motion, Allah contended that the District Court overlooked several of his claims.  Allah also argued that the District Court's treatment of his due process claim violated Wilkinson v. Austin, which held that, in conjunction with other factors, prolonged solitary confinement can create a liberty interest.  545 U.S. 209, 223-24 (2005).   The District Court denied Allah's motion for reconsideration.  Allah timely appealed both the order denying his motion for reconsideration and the order dismissing his complaint.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's order dismissing a complaint under 28 U.S.C. § 1915(e)(2)(B).  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See id.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We review the denial of a motion for reconsideration for abuse of discretion.  See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

4

We will vacate the District Court's dismissal of Allah's Eighth Amendment claims. The Eighth Amendment imposes upon prison officials a duty to provide "'humane conditions of confinement.'" Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 256 (3d Cir. 2010) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)). "For the conditions of confinement to rise to the level of an Eighth Amendment violation, they must deny the "'minimal civilized measure of life's necessities.'" Id. (quoting Farmer, 511 U.S. at 835). Unsanitary conditions can be cruel and unusual. Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992), superseded by statute, Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, as recognized in Nyhuis v. Reno, 204 F.3d 65, 71 n.7 (3d Cir. 2000). To assert an Eighth Amendment conditions of confinement claim, a prisoner must satisfy both an objective ("Was the deprivation sufficiently serious?") and subjective ("Did the officials act with a sufficiently culpable state of mind?") test. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Allah alleged that he was allowed a 10-minute shower every day and a 90-minute yard period every second or third day. The remaining time he was confined to a small cell in a cell block that held mentally ill inmates who banged and kicked on the cell doors throughout the day. The noise caused headaches and sleep deprivation. Allah also alleged that the mentally ill inmates did not clean themselves or their cells. Due to the unsanitary conditions, the cell block smelled of urine and excrement, and was infested with pests. Further contributing to the unsanitary conditions was the fact that inmates were not permitted access to toilets

during the 90-minute yard period, which caused some inmates to relieve themselves on the ground.

The District Court concluded that Allah failed to state an Eighth Amendment claim because "[h]e does not allege that he is not given toiletries and cleaning products to keep himself and his own cell clean. His alleged denial of drinking water and a toilet is limited to a 90-minute yard exercise that occurs only several days a week." In his motion for reconsideration, Allah alleged that the District Court overlooked his claims of sleep deprivation and unsanitary conditions. In its opinion denying Allah's motion, the District Court determined that Allah's allegations did not establish that the conditions contributing to his sleep deprivation had persisted "for a lengthy or consistent period of time," and that its earlier opinion adequately considered Allah's "surrounding sanitary environment." We conclude that the unsanitary conditions in the surrounding environment that Allah alleges "serve[] no 'legitimate penological objectiv[e].'" Farmer, 511 U.S. at 833 (quoting Hudson v. Palmer, 468 U.S. 517, 548 (1984)) (second alteration in original). We also conclude that Allah's allegation that "special needs inmates . . . kick and bang on the cell doors and walls nearly every single day, for hours at a time, at all times of the day," sufficiently alleges that the disturbance was consistent and ongoing. Compl. 48, June 2, 2011, ECF No. 1. Allah has alleged that prison officials were aware of the conditions in the MCU, but failed to remedy them. See id. at 837 (holding that to establish deliberate indifference a prison official must both know of and disregard an

6

excessive risk to an inmate's health or safety). In light of these allegations, we conclude that it was error to dismiss Allah's Eighth Amendment claim for failure to state a claim.

We will also vacate the District Court's dismissal of Allah's Fourteenth Amendment claims. The District Court concluded that Allah's confinement in the MCU did not give rise to a liberty interest in avoiding such confinement. A liberty interest is created when a prison's action imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). When considering whether an inmate's placement in segregated housing triggers a legally cognizable interest courts should consider: (1) the amount of time spent in segregation; and (2) whether the conditions of segregation were significantly more restrictive than those imposed on other inmates in segregation. Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000) (citing Sandin, 515 U.S. at 486). In its opinion denying Allah's motion for reconsideration, the District Court noted that Allah has been confined in the MCU for six years. While housed in the MCU, Allah was strictly confined to his cell, less the aforementioned periods to shower and exercise in the yard. According to his complaint, inmates placed in the MCU face harsher restrictions than inmates placed in administrative segregation. For example, inmates in administrative segregation, unlike those in the MCU, can receive "window visits," purchase canteen items, and have outdoor recreation in an area that is not caged. Read together, Allah's allegations of the duration and conditions of confinement in the MCU state an atypical and significant hardship that implicates a liberty interest. See, e.g., Wilkinson, 545 U.S. at 223-24.

7

However, as the District Court noted, establishment of a liberty interest does not end the procedural due process inquiry. In its November 2012 opinion, the District Court, after concluding that Allah's confinement did not implicate a liberty interest, nevertheless examined whether he was provided with the process he would have been due had a liberty interest been implicated. The District Court concluded that Allah was given a meaningful opportunity to respond and be heard at the initial MCU placement hearing, at the routine reviews every 90 days, and at the annual reviews. However, Allah alleged a litany of defects during these hearings that violated his due process rights. Primarily, Allah alleged that several of his administrative appeals were ignored; that members of the MCURC were unfamiliar with and often violated, inter alia, Sections 10A:5-2.3 to .5 of the New Jersey Administrative Code governing MCURC proceedings; that MCURC hearings were perfunctory and without substance; that at least one MCURC member, Dr. Flora DeFillipo, was unaware that she was an MCURC member; that Dr. DeFillipo signed off on MCURC decisions without realizing she had done so; and that Dr. DeFillipo never engaged in factfinding or weighing of the evidence. [2] Reading these

---

[2] In his motion for reconsideration, Allah addressed his allegations concerning Dr. DeFillipo, which were derived from deposition testimony that she gave in a separate civil action. In its opinion denying Allah's motion for reconsideration, the District Court concluded that Allah's allegations concerning Dr. DeFillipo were not proper for review because the deposition testimony did not qualify as "new evidence." However, excerpts of the deposition testimony were attached to Allah's complaint, and he raised allegations derived from that testimony in his complaint. See Compl. 45 to 46, ECF No. 1; Compl. Ex. 1-84 47 to 55, June 2, 2011, ECF No. 1-5. Despite concluding that the evidence was not new, the District Court determined that the evidence did not alter its conclusion that the MCURC's placement and review of Allah's confinement in the MCU comported with

allegations, we determine that Allah has stated Fourteenth Amendment claims that should not have been dismissed for failure to state a claim.[3] See City of W. Covina v. Perkins, 525 U.S. 234, 239 (1999) (holding that due process requirements include a meaningful opportunity to be heard); Sourbeer v. Robinson, 791 F.2d 1094, 1101 (3d Cir. 1986).

## III.

For the foregoing reasons, we will vacate the District Court's November 8, 2012 and July 30, 2013 orders and remand for further proceedings. Allah's motion to supplement the record is denied as moot.[4]

---

due process.

[3] We note that in determining that Allah did not state a due process claim, the District Court relied on decisions from the New Jersey Superior Court in which Allah had appealed his initial placement hearing and one of his review hearings. See Allah v. N.J. Dep't of Corr., 2012 WL 2345390; Allah v. N.J. Dep't of Corr., 2008 WL 2245599. It appears that in those cases Allah presented similar claims of due process violations. While we express no opinion on the matter, we note that on remand these cases may have a preclusive effect on Allah's Fourteenth Amendment claims.

[4] Judge Roth would have affirmed the District Court's dismissal of Allah's Fourteenth Amendment claims.